# EXHIBIT E

# MusickPeeler

ATTORNEYS AT LAW

DAVID A. TARTAGLIO
d.tartaglio@musickpeeler.com
(213) 629-7705

333 SOUTH HOPE STREET, SUITE 2900
LOS ANGELES, CALIFORNIA 90071-3048

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
VENTURA COUNTY

FILE NO.: 79106.1746

January 13, 2025

Lilit Asadourian, Esq.
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
lasadourian@btlaw.com

Re: **ISA Claims**
Insurer: RSUI Indemnity Company
Insured: Lambda, Inc. ("BloomTech")
Policy No.: NPP688513 (7/31/2020 – 7/31/2021)
RSUI Claim No.: 703-159237

Dear Ms. Asadourian:

As you know, we are counsel for RSUI Indemnity Company with respect to BloomTech's claims for coverage under the above-referenced policy for the various claims identified below. This letter responds to your December 11, 2024 letter, which demanded independent counsel and tendered various defense bills and settlements for reimbursement.

As detailed below, RSUI

(1) declines coverage for the pretender defense fees and costs related to the the arbitration demands in 2024 from Rob Bennett, Jessica Fuller, Yeraldina Estrella, Matthew Means, Harrison Aguiar, Alexander Goncalves, Brett McAdams, and Kyle Willard (the "2024 ISA Claims");

(2) agrees to pay its allocated share of post-tender defense fees and costs related to the 2024 ISA Claims up to its acceptance of the defense;

(3) agrees to the request for independent counsel for the defense of 2024 ISA Claims and to pay its allocated share of independent counsel's defense fees and costs subject to the rate limitations in Civil Code section 2860 incurred after RSUI agreed to defend;

(4) declines coverage for the pretender defense fees and costs related to the lawsuit captioned *Jessica Fuller et al. v. Bloom Institute of Technology et al*, San Francisco Superior Court Case No. CGC-23-605179 (the "ISA Class Action");

MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 2

(5) agrees to pay its allocated share of the post-tender defense fees and costs related to the arbitration demands in 2021 from Heather Nye, Johnathan Stickrod, Ninh Nguyen and Brenda Velasquez (the "2021 ISA Claims");

(6) requests further information regarding the lawsuit captioned *Emily Bruner v Bloom Institute of Technology et al*, San Francisco Superior Court Case No. CGC-22-599196 (the "Bruner Action"), first notice of which was provided in the December 11, 2024 letter;

(7) requests further information regarding the arbitration claims by Ferguson, Soto, Dubroff, Magana, Spain, Kernan, Milano, Wilkerson, Woods, and Guzman, as well as apparent claims by Bartlett, Varias, Jennings and CFPB (the "New Claims"), first notice of which appears to be the December 11, 2024 letter; and

(8) requests further information regarding settlements of the 2021 ISA Claims and the New Old Claims.

A.  **Pretender Fees And Costs For The 2024 ISA Claims Are Not Covered**

As you know, the duty to defend arises upon tender and an insurer has no obligation to pay defense fees and costs incurred prior to tender under California law. Accordingly, RSUI declines to reimburse BloomTech for the following pretender fees and costs related to the 2024 ISA Claims:

| Invoice | Client / Matter | Date | Fees | Costs | Total | Comments |
|---|---|---|---|---|---|---|
| 8586419 | pillsbury 75848.001 | 3/20/24 | $2,683.00 | $0.00 | $2,683.00 | Pretender |
| 8591106 | pillsbury 75848.001 | 4/19/24 | $196.00 | $0.00 | $196.00 | Pretender |

B.  **Agreement To Pay Allocated Share Of Defense Of The 2024 ISA Claims**

As previously explained, under Condition E, Allocation, where Loss, including Defense Expenses, is incurred in connection with a Claim presenting both covered and uncovered matters, it must be allocated. This allocation applies to Defense Expenses within the Retention, as well as Loss, including Defense Expenses, in excess of it. RSUI and BloomTech agreed to use their best efforts to fairly and reasonably allocate payment under the Policy between covered Loss and non-covered loss based on the relative legal exposures of the parties with respect to covered and non-covered matters or covered and non-covered causes of action.

MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 3

   BloomTech failed to make any effort to allocate. Contrary to BloomTech's argument, RSUI is not required to pay all of BloomTech's defense costs. RSUI does not dispute the general rules regarding the defense of mixed actions, but the Policy expressly provides otherwise. Neither *Buss v. Superior Ct.*, 16 Cal. 4th 35 (1997) nor *Saarman Constr., Ltd. v. Ironshore Specialty Ins. Co.*, 230 F. Supp. 3d 1068 (N.D. Cal. 2017) involved insurance policies with express allocation provisions under which the insured and insurer expressly agreed to allocate defense costs in mixed actions. California law enforces the plain language of insurance contracts and provides that courts will not rewrite such terms for any reason, including public policy.

   Because the ISA Arbitration Claims do not currently seek any covered Loss, RSUI proposed allocating 80% of the defense fees and costs to BloomTech and 20% to RSUI. As BloomTech has refused to honor its obligation to use best efforts to agree on an allocation, RSUI, as required by the policy, will pay 20% of the post-tender defense fees and costs incurred for the 2024 ISA Claims through RSUI's acceptance of the defense. Specifically, RSUI will pay the following:

| Invoice | Client / Matter | Date | Fees | Costs | Total | RSUI's Share |
|---|---|---|---|---|---|---|
| 8605693 | pillsbury 75848.001 | 7/17/24 | $9,778.00 | $0.00 | $9,778.00 | $1,955.60 |
| 8612303 | pillsbury 75848.001 | 8/27/24 | $16,002.00 | $82.80 | $16,084.80 | $3,216.96 |
| 8616752 | pillsbury 75848.001 | 9/25/24 | $38,143.00 | $218.95 | $38,361.95 | $7,672.39 |
| 8620711 | pillsbury 75848.001 | 10/17/24 | $25,602.00 | $3,734.85 | $29,336.85 | $5,867.37 |
| | | | | Total: | $93,561.60 | $18,712.32 |

**C. Agreement To Provide Independent Counsel**

   As you know, Civil Code section 2860 only potentially applies when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim and does not arise as to allegations or facts in the litigation for which the insurer denies coverage.

Musick, Peeler & Garrett LLP

# MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 4

      Contrary to BloomTech's arguments, reservation under the Policy's *Exclusion-Broadcasting, Advertising and Publishing* endorsement does not give rise to a right to independent counsel. That exclusion precludes coverage for Loss "arising out of or in connection with" any Claim, "alleging, arising out of, based upon or attributable to, directly or indirectly or in any way involving: a. Publishing or re-publishing; [or] b. Advertising." The ISA Claimants control the basis of their claims, and defense counsel cannot control whether the claims are based on publishing or advertising. It is not clear that RSUI's reservations under exclusions **2.** and **3.** give rise to a right to independent counsel as defense counsel cannot control the outcome of those exclusions either.[1]

      In an abundance of caution RSUI agrees to provide independent counsel subject to the limitations provided by Civil Code section 2860. Specifically, 2860(c) gives the insurance company the right to insist that independent counsel have at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and errors and omissions coverage. <u>Please provide sufficient information regarding the attorney(ies) that BloomTech proposes as independent counsel to allow us to confirm those requirements are met</u>.

      RSUI's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. The rates RSUI would pay are $300 an hour for partners, $242 an hour for associates and $131 for paralegals. To the extent counsel selected by BloomTech charges rates in excess of RSUI's rates, BloomTech will be responsible for the difference. <u>Please confirm BloomTech's agreement to pay the difference</u>.

      Further, please be advised that BloomTech and its independent counsel have a duty to disclose to RSUI all information concerning the matters being defended (except privileged materials relevant to coverage disputes), timely to inform and consult with RSUI on all matters relating to the matters, and to allow RSUI's appointed counsel to participate in all aspects of the litigation.

---

[1] Exclusion **2.** precludes coverage for Loss in connection with any Claim, "Based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any criminal or deliberate fraudulent act," and exclusion **3.** precludes coverage for Loss in connection with any Claim, "Based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the gaining of any profit or advantage to which an Insured was not legally entitled."

# MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 5

### D.   Pretender Fees And Costs For The ISA Class Action Are Not Covered

My letter of September 26, 2024, explained that the ISA Class Action was not covered because the duty to defend arises upon tender and ends upon resolution of a lawsuit and the ISA Class Action was not tendered until after it was dismissed, facts and law that BloomTech does not dispute. Accordingly, RSUI declines to pay any part of the following the defense bills tendered for ISA Class Action:

| Invoice | Client / Matter | Date | Fees | Costs | Total | Comments |
|---|---|---|---|---|---|---|
| 8536916 | pillsbury 75848.001 | 05/31/23 | $70,945.00 | $1,625.46 | $72,570.46 | Class Action - Pretender |
| 8542145 | pillsbury 75848.001 | 6/29/23 | $19,480.50 | $160.16 | $19,640.66 | Class Action - Pretender |
| 8546260 | pillsbury 75848.001 | 7/25/23 | $9,450.00 | $4.30 | $9,454.30 | Class Action - Pretender |
| 8550543 | pillsbury 75848.001 | 8/18/23 | $814.50 | $245.10 | $1,059.60 | Class Action - Pretender |
| 8555702 | pillsbury 75848.001 | 9/20/23 | $2,857.50 | $7.10 | $2,864.60 | Class Action - Pretender |
| 8561565 | pillsbury 75848.001 | 10/25/23 | $2,268.00 | $0.00 | $2,268.00 | Class Action - Pretender |
| 8569115 | pillsbury 75848.001 | 12/5/23 | $3,073.50 | $0.00 | $3,073.50 | Class Action - Pretender |
| 8576027 | pillsbury 75848.001 | 1/16/24 | $26,626.50 | $83.80 | $26,710.30 | Class Action - Pretender |
| 8580676 | pillsbury 75848.001 | 2/15/24 | $6,620.00 | $127.20 | $6,747.20 | Class Action - Pretender |

MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 6

E. **Request For Information Regarding The Bruner Action**

The December 11, 2024 letter is the first information BloomTech provided related to the Bruner Action. Based on the Court docket, it appears that the Bruner Action was dismissed in June of 2023. As the Bruner Action was not tendered until after its dismissal, it does not appear that RSUI would have any obligation to reimburse BloomTech for any of the fees and costs:

| Invoice | Client / Matter | Date | Fees | Costs | Total | Comments |
|---|---|---|---|---|---|---|
| 49936 | McManis 2215032 | 11/4/22 | $5,301.00 | $0.00 | $5,301.00 | Bruner - Pretender |
| 50064 | McManis 2215032 | 12/7/22 | $2,128.50 | $18.50 | $2,147.00 | Bruner- Pretender |
| 50196 | McManis 2215032 | 01/6/23 | $9,090.00 | $338.50 | $9,428.50 | Bruner - Pretender |
| 8538771 | pillsbury 75848.002 | 06/27/23 | $2,809.50 | $0 | $2,809.50 | Bruner - Pretender |

To allow RSUI to complete its coverage investigation, please advise when BloomTech believes the Bruner Action was tendered and provide copies of the complaint and any other documentation BloomTech believes shows the suit was potentially covered.

F. **Request For Information Regarding The 2021 ISA Claims Settlements**

Your letter indicates that the 2021 ISA Claims settled and seeks reimbursement of $415,000 paid with respect to the arbitrations with Heather Nye, Johnathan Stickrod, and Ninh Nguyen, and $16,235.67 paid with respect to the arbitration with Brenda Velasquez. To allow RSUI to complete its coverage investigation for those settlements, please provide copies of any documentation of those settlements, including formal settlement agreements, proof of payment and dismissal, and any documentation BloomTech believes demonstrates any settlement was covered by the Policy and was for something that did not involve representations in advertising or published by BloomTech to the claimant, any deliberate fraudulent act or he gaining of any profit or advantage to which BloomTech was not legally entitled.

# MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 7

### G.     Request For Information Regarding The New Claims

The December 11, 2024 letter appears to the first notice BloomTech provided regarding arbitrations with Ferguson, Soto, Dubroff, Magana, Spain, Kernan, Milano, Wilkerson, Woods and Guzman. The defense bills also mention claims by Bartlett, Varias, Jennings and CFPB. To allow RSUI to complete its coverage investigation for these claims, <u>please provide copies of the arbitration demands, any discovery provided by the claimants, documentation of any settlements, including formal settlement agreements, proof of payment of any settlements and dismissal, and any documentation BloomTech believes demonstrates any settlement was covered by the Policy and was for something that did not involve representations in advertising or published by BloomTech to the claimant, any deliberate fraudulent act or the gaining of any profit or advantage to which BloomTech was not legally entitled</u>.

### H.     RSUI's Review Of The McManis Bills Is Ongoing

RSUI agrees to pay its 20% allocated share of the defense fees and costs bills incurred in connection with the 2021 ISA Claims. Most of the invoices tendered by BloomTech do not clearly indicate the arbitration demand(s) with which services were rendered and appear to include services related to matters other than the 2021 ISA Claims. The information requested above should help with that review. To allow RSUI to complete its coverage investigation, <u>please advise on an entry by entry basis the claim(s) with which each entry on the following invoices is associated</u>:

| Invoice | Client / Matter | Date | Fees | Costs | Total |
|---|---|---|---|---|---|
| 48233 | McManis 2115010 | 7/7/21 | $1,399.50 | $0.00 | $1,399.50 |
| 48310 | McManis 2115010 | 8/5/21 | $6,993.00 | $0.00 | $6,993.00 |
| 48415 | McManis 2115010 | 9/7/21 | $2,079.00 | $0.00 | $2,079.00 |
| 48513 | McManis 2115010 | 10/5/21 | $7,344.00 | $354.140 | $7,698.14 |
| 48670 | McManis 2115010 | 12/10/21 | $42,835.50 | $426.70 | $43,262.20 |

# MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 8

| 48741 | McManis 2115010 | 1/6/22 | $21,780.0 | $1,674.26 | $23,454.26 |
| --- | --- | --- | --- | --- | --- |
| 48852 | McManis 2115010 | 2/4/22 | $26,041.50 | $74.74 | $26,041.50 |
| 48961 | McManis 2115010 | 3/5/22 | $19,449.00 | $72.91 | $19,521.91 |
| 49077 | McManis 2115010 | 4/6/22 | $92,923.50 | $0.00 | $92,923.50 |
| 49178 | McManis 2115010 | 5/5/22 | $73,158.00 | $270.52 | $73,428.52 |
| 49233 | McManis 2115010 | 6/7/22 | $61,851.00 | $92.80 | $61,943.80 |
| 49390 | McManis 2115010 | 7/8/22 | $69,414.75 | $2,015.96 | $71,430.71 |
| 49491 | McManis 2115010 | 8/5/22 | $33,615.00 | $344.44 | $33,959.44 |
| 49575 | McManis 2115010 | 9/7/22 | $16,654.50 | $110.49 | $11,014.99 |
| 49782 | McManis 2115010 | 10/7/22 | $19,876.50 | $1,000.36 | $15,376.86 |
| 50117 | McManis 2115010 | 11/10/21 | $21,186.00 | $51.29 | $21,237.29 |
| 49922 | McManis 2115010 | 11/4/22 | $3,676.50 | $352.74 | $4,029.24 |
| 50065 | McManis 2115010 | 12/7/22 | $7,794.00 | $0.00 | $7,794.00 |

MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 9

| 50324 | McManis 2115010 | 2/9/23 | $1,719.00 | $0.00 | $1,719.00 |

I. **Conclusion**

In sum, RSUI agrees to pay its 20% allocated share of defense fees and costs incurred in connection with the 2021 ISA Claims and the 2024 ISA Claims, agrees to provide independent counsel subject to the limitations of Civil Code section 2860, including the limitation on rates, and declines to pay pretender defense fees and costs incurred in connection with the 2024 ISA Claims and the ISA Class Action. RSUI's coverage review of the settlements of the 2021 ISA Claims, New Claims and the Bruner Action is ongoing. Please provide the information requested above to allow RSUI to complete that review.

The foregoing analysis is based on the materials that have been made available to RSUI and information presently known by it. RSUI reserves the right to supplement and/or modify the above-stated positions as appropriate as additional information becomes available and additional analysis is completed. If there is any additional material RSUI should consider, or if you have any information or arguments that RSUI's position is erroneous, please provide such information to us as soon as possible.

If you believe RSUI's coverage position is incorrect or that it has wrongfully disclaimed coverage under the Policy, Pursuant to California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, Unfair Claims Settlement Practices Regulations, you may have this matter reviewed by the California Department of Insurance at the following address and telephone number:

California Department of Insurance
Consumer Services Division
300 South Spring Street
Los Angeles, California 90013
Telephone: (213) 897-8921

The California Department of Insurance can also accept complaints over its web site at: www.insurance.ca.gov.

If you have any questions or wish to discuss this matter, please feel free to contact me.

Musick, Peeler & Garrett LLP

# MusickPeeler

Lilit Asadourian, Esq.
January 13, 2025
Page 10

                                              Very truly yours,

                                              David A. Tartaglio
                                              for MUSICK, PEELER & GARRETT LLP

cc:    a

3516074.1